FILED

DEC 04 2020

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY_____ DEP CLK

United States District Court
Eastern District of North Carolina
Western Division

Case No. 5:20-CT-3358-D
(To be filled out by Clerk's Office only)

JULIO ZELAYA SORTO,

Inmate Number 0790597

*(In the space above enter the full name(s) of the plaintiff(s).)*

**COMPLAINT**

-against-

*(Pro Se* Prisoner)

BRANDON LOCKLEAR

JAMES G. CAMPBELL

EDDIE STRICKLAND

Jury Demand?
☒ Yes
☐ No

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section IV. Do not include addresses here.)*

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

## I. COMPLAINT

*Indicate below the federal legal basis for your claim, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants).*

☒ 42 U.S.C. § 1983 (state, county, or municipal defendants)

☐ Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) (federal defendants)

☐ Action under Federal Tort Claims Act (United States is the proper defendant; must have presented claim in writing to the appropriate Federal agency and received a notice of final denial of the claim pursuant to 28 U.S.C. § 2401(b))

## II. PLAINTIFF INFORMATION

Julio Zelaya Sorto
Name

#0790597
Prisoner ID #

Tabor Correctional Institution #4885
Place of Detention

4600 Swamp Fox HWY W.
Institutional Address

Tabor City, NC 28463
City            State           Zip Code

## III. PRISONER STATUS

*Indicate whether you are a prisoner or other confined person as follows:*

☐ Pretrial detainee   ☐ State   ☐ Federal
☐ Civilly committed detainee
☐ Immigration detainee
☒ Convicted and sentenced state prisoner
☐ Convicted and sentenced federal prisoner

## IV. DEFENDANT(S) INFORMATION

*Please list the following information for each defendant. If the correct information is not provided, it could result in the delay or prevention of service. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.*

Defendant 1: <u>Brandon Locklear</u>
Name

<u>correctional Field Training officer ("FTO").</u>
Current Job Title

<u>Tabor correctional 4600 Swamp Fox HWY W.</u>
Current Work Address

<u>Tabor city,   NC   28463</u>
City                        State              Zip Code

Capacity in which being sued: ☒ Individual ☐ Official ☐ Both

Defendant 2: <u>James G. Campbell</u>
Name

<u>correctional officer</u>
Current Job Title

<u>Tabor correctional 4600 Swamp Fox HWY W.</u>
Current Work Address

<u>Tabor city, NC 28463</u>
City                        State              Zip Code

Capacity in which being sued: ☒ Individual ☐ Official ☐ Both

## Defendant(s) Continued

Defendant 3: Eddie Strickland
Name

Correctional Unit Sergeant
Current Job Title

Tabor Correctional 4600 Swamp Fox HWY W.
Current Work Address

Tabor City, NC 28463
City        State        Zip Code

Capacity in which being sued: ☒ Individual ☐ Official ☐ Both

Defendant 4: _____
Name

Current Job Title

Current Work Address

City        State        Zip Code

Capacity in which being sued: ☐ Individual ☐ Official ☐ Both

## V. STATEMENT OF CLAIM

Place(s) of occurrence: Tabor Correctional Institution. Gray Unit (Locked).

Date(s) of occurrence: October 25-2019

State which of your federal constitutional or federal statutory rights have been violated:

First. Eighth and fourteenth Amendments. federal and state Laws and Department directive rules, policies.

*State here briefly the FACTS that support your case. Describe how each defendant was personally involved in the alleged wrongful actions, state whether you were physically injured as a result of those actions, and if so, state your injury and what medical attention was provided to you.*

FACTS:

1. On October 25-2019 Defendants Locklear and Campbell entered G-pod Gray Unit "segregation". They were passing out meal trays.

> Who did what to you?

2. Defendant Locklear dropped milk. plaintiff proteste because Locklear serving dirty milk on plaintiffs tray. The guard at the Gray Unit almost always work in pair. Locklear say that if plaintiff knew what was good for him. keep your head up. and left.

3. Shortly after these events Locklear and Campbell returned to G-pod to picked up food trays. Locklear opened plaintiffs cell 5, trap door. he appeared very angry. he cursed that plaintiff loudly. he called him a "no good check off (" protective custody") son-of-a-bitch". he also said thats "I will teach you a lesson".

4. When Locklear open plaintiffs cell trap door and plaintiff handle his tray. Locklear quick grabbed plaintiffs wrist pull and slammed the trap hard strong against plaintiffs forearm and

| | |
|---|---|
| What happened to you? | repeated forcing by twisted his fingers and wrists saying "I will break your arms and fingers" He continued to call plaintiff a "son-of-a-bitch". Locklear walked away from plaintiff. |

5. Plaintiff was beaten without justification by officer Locklear while officer Campbell looked on and did not intervene to stop the beating.

6. Plaintiff also complaining about the lack of training and supervision that allows security staff to use excessive and unnecessary force and get away with it.

7. As to the claim in paragraph 6. Defendant Strickland was making "rounds" in G-pod at the incident time, past plaintiffs cell. Plaintiff yell "sergeant come"

| | |
|---|---|
| When did it happen to you? | the beating continued and Strickland looked on and heard plaintiff "scream sergeant come" and did not intervene to stop the beating. |

8. Defendants Campbell and Strickland were not sincerely interested in to protect the health and safety of plaintiff, to that danger.

9. When Strickland done made his rounds, after plaintiff were beaten, Strickland turned slowly in response to "shut the trap door" but rather than curb an assault.

| | |
|---|---|
| Where did it happen to you? | 10. Plaintiffs request to defendant Strickland and Campbell the he needs to be seen by medical for his injuries, defendants say okay but fails. |

11. Defendant Locklear knew at the time that plaintiff were not going to hurt anyone, plaintiff were locked in his cell on the Gray unit, in solitary confinement during this entire period and

**What was your injury?**

was not fighting back. plaintiff have done nothing wrong to provoke force except to say something the Locklear did not like. In a respectful way.

12. During this assault defendant Locklear kicked and struck with trap door against plaintiff's forearm, hands. plaintiff's left wrist ligaments painful. he was beaten with hands and struck with trap. alse received multiple lacerations and contusions to his forearm. hands and wrists cuts and fingers numerou bruises, swelled and abrasions to his forearm and inflicted pain and suffering distress and back pain. and threats, intimidation and depression.

13. After the assault the defendants denied plaintiff's access to medical care, for his injuries.

14. The defendants made no effort to submit written statement reports about the October 25-2019. incident, nor they reports to the Officer-in-charge(OIC) The defendants silent secret their act of abuse. Cameras recorded Locklear.

15. The same day, during routine med pass in G-pod Gray unit, "segregation" plaintiff was receiving medication when he reported officer Locklear assaulted on him to medical staff.

16. Plaintiff was then taken to the prison infirmary, as a result of the injuries he suffered from the assault by Locklear.

17. plaintiff's raise his concerns about the unauthorized conduct of defendants. In a letter. As-certain the chain of command. A shoddy investigation that seemed designed to cover up their officials

18. Defendants acted wantonly, maliciously and willfully.

## VI. ADMINISTRATIVE PROCEDURES

*WARNING: Prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). Your case may be dismissed if you have not exhausted your administrative remedies.*

Have you filed a grievance concerning the facts relating to this complaint?  ☒ Yes  ☐ No
If no, explain why not:

Plaintiff exhausted his administrative remedies before filing this complaint. his grievances and appeal are attached to this complaint.

Is the grievance process completed?  ☒ Yes  ☐ No
If no, explain why not:

plaintiff used the prisoner grievance procedure available at Tabor state prison to try and solve the problem. The grievances had been denied. or letter complaint requests denied.

## VII. RELIEF

*State briefly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.*

Plaintiff respectfully prays that this court;
A. Declare that the acts and omissions described herein violated plaintiffs rights under the constitution and Laws of the united states;
B. Order Defendants to pay compensatory and punitive damages.
C. Order Defendants to pay plaintiffs costs in this suit
D. Any additional relief this court deems just.

## VIII. PRISONER'S LITIGATION HISTORY

*The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in forma pauperis in federal court if that prisoner has "on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g).*

Have you brought any other lawsuits in state or federal court while a prisoner? ☒ Yes ☐ No

If yes, how many? __10__

Number each different lawsuit below and include the following:

- Name of case (including defendants' names), court, and docket number
- Nature of claim made
- How did it end? (For example, if it was dismissed, appealed, or is still pending, explain below.)

Sorto v. Marvin L. Polk et al. No. 5:06-ct-3028-H Eastern District Court of N.C. Dismissed. Sorto v. D. McDonald et al. No. 5:15-ct-3131-D Eastern District Court of N.C. Dismissed in part, settlement, damages. Sorto v. Phillip Stover et al No. 5:14-ct-3130-FL Eastern District Court of N.C. Dismissed. Sorto v. Joseph Lightsey No. 5:15-ct-03169-BO Eastern District Court of N.C. Dismissed. Sorto v. Kenneth D. Poteat et al. No. 5:16-cv-00099-FDW. Western District Court of N.C. Dismissed. Julio Zelaya Sorto vs. NC Department of Public Safety. IC No. TA-26652 damages. Sorto v. John Doe et al No. 5:18-ct-3242-FL Eastern District Court of N.C. pending still. Sorto v. Jason R. Johnson No. 5:18-ct-3314-BO Eastern District Court of N.C. pending still. Sorto v. Bren Russell et al. No. 5:18-ct-3346-BO Eastern District Court of N.C. pending still. Sorto v. Vigus et al. No. 5:20-ct-3345-D. Eastern District Court of N.C. pending

Rev. 10/2015 Prisoner Complaint

## IX. PLAINTIFF'S DECLARATION AND WARNING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.**

*Each Plaintiff must sign and date the complaint and provide prison identification number and prison address.*

November 25-2020
Dated

Plaintiff's Signature

Julio Zelaya Sorto
Printed Name

#0790597
Prison Identification #

Tabor correctional 4600 swamp fox HWY W. Tabor city. NC-28463
Prison Address     City     State     Zip Code

Pursuant to 28 U.S.C. §1746, I declare and verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Page 10 of 10

Case 5:20-ct-03358-D   Document 1   Filed 12/04/20   Page 10 of 10